**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

LINTON JORDAN JR.,                    *

        Claimant,                    *

v.                                               *        CASE NO. 3:11-CV-69 MSH

MICHAEL J. ASTRUE, Commissioner   *             Social Security Appeal
Of Social Security,
                                                 *

        Respondent.

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's applications for disability insurance benefits and supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the

Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for

---

[1]     Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  20 C.F.R. § 404.1520, app. 1, pt. 404.  First, the Commissioner determines whether the claimant is working.  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing").  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

**I.      Whether the ALJ erred in failing to compose a complete hypothetical   question to the Vocational Expert.**

3

II.    **Whether the ALJ erred in failing to issue a credibility finding in compliance with Eleventh Circuit law.**

## Administrative Proceedings

Claimant protectively filed his current applications for disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) on May 10, 2005. (Cl.'s Br. 1, ECF No. 12.) Claimant alleges a disability onset date of April 16, 2004. (Tr. 15, ECF No. 11.)   In his application, Claimant listed torn rotator cuff and a neck injury as his disabling impairments.  (Tr. 103.)   His applications were denied initially and upon reconsideration. After an administrative hearing on August 14, 2008, the ALJ found Claimant was not disabled in a decision dated September 30, 2008.   (Tr. 15-21.)   The Appeals Council thereafter denied Claimant's request for review.  (Tr. 5-7), and this appeal followed.

## Statement of Facts and Evidence

Following the hearing in this case, the ALJ concluded that Claimant had the severe impairments of right shoulder and neck pain and status post rotator cuff tear and surgery, but that none of these impairments, nor any combination of impairments, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 21.) The ALJ next found that Claimant had the residual functional capacity ("RFC") to perform sedentary work, except that he would be unable to use his right arm and must keep it still. (Tr. 18.)   Since the ALJ found that Claimant could not perform past relevant work, he determined that transferability of job skills was not an issue.  (Tr. 19.)   The ALJ then determined that Claimant was a younger individual on the date that the application was filed,

4

with at least a high school education, who could communicate in English. (*Id*.)   Considering the Claimant's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that Claimant could perform. (*Id.*)   Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (Tr. 19.)

## DISCUSSION

## I.   Whether the ALJ composed a complete hypothetical question to the Vocational Expert.

The first issue for determination in this case is whether the ALJ erred in failing to compose a complete hypothetical question to the Vocational Expert ("VE").   (Cl.'s Br. 3; ECF No. 12.)   Specifically, Claimant argues that in posing hypothetical questions to the VE, the ALJ failed to address his inability to use his right arm and his need to keep it still; limitations that were found to exist by the ALJ when he determined Claimant's RFC. (*Id.*)

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977). *See also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980).   In order for a vocational expert's testimony in response to this question to constitute substantial evidence on which the ALJ may rely, the question must comprise all of the claimant's impairments. *Vega v. Comm'r of Soc. Sec.,* 265 F.3d 1214, 1220 (11th Cir. 2001).   The ALJ is not required to include in the

question claims of impairment that he has found unsupported. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1161 (11th Cir. 2004).

Claimant contends that the ALJ committed reversible error where the hypothetical question he asked of the vocational expert did not include the fact that he would not be able to use his right hand. (Cl.'s Br. 4).   A review of the relevant testimony reveals that Claimant was extensively questioned by the ALJ and his attorney regarding the use of his right arm. (Tr. 310-18.)   The VE then asked the ALJ's permission to question Claimant, asking what issues Claimant would have if he could sit down and keep his right arm still; i.e. not have to manipulate his right arm.  (Tr. 319.)  Claimant responded that he when he sits too long, it feels like a weight on his neck and arm and that he would have to get up and stretch it.  (*Id.*) The ALJ then began to question the VE, first asking what Claimant's previous work entailed and what sedentary jobs would be available in the region where Claimant lives.  (Tr. 320a.) The VE then described several positions that Claimant could perform, and stated that he "limited these jobs because they're -- they'd be actually they'd be performed with less than full use of both arms. . ."  (Tr. 320b.)  Later, he stated that "one other job that I would have listed would be a bench and table worker's job which is sedentary and unskilled.  There are a large number of those … but they require the use -- repetitive use of both hands and arms. (*Id.*)  The ALJ then asked if two jobs that the VE had described- surveillance monitor and cashier- involved any lifting, to which the VE answered in the negative, except that the cashier position would involve counting out bills or making change.  The ALJ asked if the upper arm restrictions that Claimant testified to would preclude the two jobs, and the VE

responded that as long as the Claimant had use of one arm, there might be movement needed with the other arm, but no lifting, gripping or substantial reaching would be required.  (Tr. 321.)

In this case, any failure of the ALJ to specifically include the restriction of Claimant's right arm in his questions to the VE is found to be harmless error.  At the hearing it is more than apparent that the jobs cited by the VE following the questioning of the Claimant included his right arm limitations.  The record reflects that in his consideration of jobs that the Claimant could perform, the VE specifically eliminated two jobs expressly based on his opinion of the limited use of Claimant's right arm.  Furthermore, Claimant was represented by counsel at the hearing who could have objected to the ALJ's questions at any time or further developed the issue by questioning the Claimant or VE as to the right arm limitations.

It is clear that the jobs listed in response to the ALJ's questions included the limitation that Claimant could not use his right arm.  Thus, this claim lacks merit and the ALJ's decision is based on substantial evidence.

## II.    Whether the ALJ erred in determining Claimant's credibility.

Claimant next argues that the ALJ failed to make a determination of his credibility that was in compliance with Eleventh Circuit law.  (Cl.'s Br. 6.)  Particularly, the Claimant argues that the ALJ failed to comply with the ruling in *Holt v. Sullivan*, 921 F. 2d 1221, 1223 (11th Cir. 1991) in assessing his subjective allegations of right arm and shoulder pain.  (*Id.*)

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical

condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt*, at 1223. The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983).  Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

In his Findings in this case, the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of his pain. (Tr. 18-19.) The ALJ also referenced the pain standard. *Id.* The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 416.927 and Social Security Rulings 96-2p, 96-5p and 96-6p. *Id.* The record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with his functional restrictions, to find that his allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. *Id.*

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." SSR 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.* Furthermore, the ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently

indicate that the ALJ considered the claimant's medical condition as a whole. *Id*. (quotations and citations omitted).

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that he failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain. It is further found that the ALJ's credibility determination was in compliance with prevailing Eleventh Circuit law. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper pain standard and supported his credibility assessment with substantial evidence in the record.

## CONCLUSION

WHEREFORE, it is hereby ordered that the decision of the Commissioner be **AFFIRMED**.

THIS the 31st day of January, 2012.

S/Stephen Hyles_____
UNITED STATES MAGISTRATE JUDGE

10